**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Ines Diaz Villafana (State Bar No. 354099)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
         idiaz@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA VILLA, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| TARGET CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

1   Plaintiff Cynthia Villa ("Plaintiff") brings this action on behalf of herself, and all

2 others similarly situated against Defendant Target Corporation ("Defendant" or "Target").

3         **<u>NATURE OF THE ACTION</u>**

4   1.  Plaintiff brings this class action lawsuit on behalf of herself and similarly situated

5 consumers who purchased the Aveeno Baby Eczema Therapy Moisturizing Cream from Target

6 ("Class Members"). Defendant provides consumers with two versions of Aveeno's eczema

7 therapy cream – the Aveeno Eczema Therapy Daily Moisturizing Cream (the "Adult Version") and

8 the Aveeno Baby Eczema Therapy Moisturizing Cream (the "Baby Version" or the "Product")[1].

9   2.  Defendant markets, advertises, and displays the Adult Version and Baby Version of

10 the Aveeno Eczema Therapy Cream as two distinct products. However, the Adult and Baby

11 Versions contain the same formula and same ingredients. Despite this, Defendant charges a higher

12 price to consumers purchasing the Baby Version, banking on the fact that consumers, such as

13 parents, are inclined to pay more for products they believe are specially formulated for babies, and

14 therefore, safe for babies.

15   3.  Plaintiff, like many Target consumers, was mislead by Defendant's representation

16 of the Product as distinct and specially formulated for babies and therefore suffered economic

17 injury by paying more for the Product than she would have had she known the truth — that the

18 Baby Version and Adult Version are the same — or would not have purchased the Product at all.

19   4.  Accordingly, Plaintiff brings claims against Defendant individually and on behalf of

20 the Class for (1) violation of False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et*

21 *seq*.; (2) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et*

22 *seq*.; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§

23 17200, *et seq*.; (4) Fraudulent Omission or Concealment; (5) Fraudulent Misrepresentation; (6)

24 Negligent Misrepresentation; (7) Breach of Express Warranty.

25

26 [1] The Product includes both the 7.3 fl. oz. and 12 fl. oz. bottles of the Aveeno Baby Eczema
Therapy Moisturizing Cream. Plaintiff reserves the right to amend her Complaint to include
27 additional Aveeno Baby Eczema Therapy Moisturizing Cream products that are identified to fall
within the scope of this litigation.

28

1

**PARTIES**

2          5.      Plaintiff Cynthia Villa is a natural person and a citizen of California who resides in

3    San Jose, California.  Ms. Villa purchased the Baby Version from a brick-and-mortar Target store

4    at 533 Coleman Avenue, San Jose, California, on November 8, 2024.  Plaintiff paid $14.29 for the

5    Product.  Prior to her purchase of the Product, Plaintiff reviewed the Product's label and Target's

6    marketing, advertising, and display of the Product in the store.  Plaintiff believed that the Baby

7    Version was specially formulated for babies due to Target's marketing and display of the Product,

8    including the fact that Target displayed the Product in the baby/infant section of the store,

9    surrounded by other baby/infant-specific products.  Therefore, Ms. Villa decided to purchase the

10   Product for her grandchild because she thought the Product was specially made for babies and

11   therefore safe to use on her grandchild.  Defendant's misrepresentations and omissions that mislead

12   Ms. Villa and other consumers include: Defendant's display of the Product in the baby's section of

13   the store, among other baby-specific products, and its omission of the fact that the Baby and Adult

14   Versions are the same.  Further, Defendant priced the Baby Version at a higher price than the Adult

15   Version.  Defendant's representations and omissions were a part of the basis of the bargain in that

16   Ms. Villa would not have purchased the Product, or would have paid significantly less for the

17   Product, had she known that the more expensive Baby Version is the same as the less expensive

18   Adult Version.  As a direct result of Defendant's material representations and omissions, Ms. Villa

19   suffered, and continues to suffer, economic injuries.

20         6.      Defendant, Target, Corporation ("Target") is a Minnesota corporation with its

21   principal place of business in Minneapolis, Minnesota.  Defendant Target advertises, markets,

22   distributes, and sells a wide variety of products, including the Product, via its brick and mortar

23   stores and its website, target.com ("Website").  Target advertises, markets, distributes, and sells the

24   product throughout the United States, including in the state of California.  Defendant marketed and

25   sold the Product at all relevant times during the Class Period.

26

27

28

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, there are over 100 members of the putative class, and Plaintiff, as well as most members of the proposed class, are citizens of a different state than Defendant.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

8.     This Court has specific personal jurisdiction over Defendant because Defendant purposefully availed itself of this forum by conducting substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California. Further, Defendant purposefully directed its contacts at the forum by operating brick-and-mortar stores in California, including the physical store from which Ms. Villa purchased the Product. Therefore, Ms. Villa's claims are related to and arise out of Defendant's contacts with California. Additionally, exercising of specific personal jurisdiction over Defendant comports with due process.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

**FACTUAL ALLEGATIONS**

10.     Consumers are increasingly aware of and concerned with the safety and quality of the products they consume.  In particular, the average consumer-caretaker is especially concerned with the safety and quality of the products they give to children they care for.  As such, consumers are willing to pay significantly more for products that are specially formulated, marketed, and displayed as being for babies, children, or infants than they would otherwise.  Similarly, some consumers without babies or children also prefer skincare products specially made for babies

because of, among other reasons, a desire for gentler products.[2]  Retailers, in turn, are keen to cash in and provide consumers with products they can market and display as being specially formulated for babies or otherwise unique for babies.

11.     Defendant is aware of consumers' preferences and therefore provides two versions of Aveeno's eczema therapy cream via its physical Target stores and Website – the Adult Version and the Baby Version.  The Baby Version includes the word "Baby" on the label and indicates it is specifically made for babies or is otherwise unique for babies.  *See* Figure 1.  In contrast, the Adult Version does not reference babies.  *See* Figure 2.

| **Figure 1** | **Figure 2** |
|:---:|:---:|

 

12.     Defendant markets, advertises, and displays the Baby and Adult versions as two separate products and that the Baby Version is made specially for babies.  For example, on its

---

[2] Kanika Kumar, *Are Baby Skin Products Good for Adults?*, NATURE'S BABY ORGANICS (Aug. 22, 2022), https://naturesbaby.com/blogs/trusty-tips/are-baby-skin-products-good-for-adults#:~:text=Let's%20find%20out.-,Can%20Adults%20Use%20Baby%20Products%3F,adults%20or%20one%20for%2.

Website, Defendant has two separate listings for the Baby and Adult Versions and further names the two distinctly.  *See* Figures 3-6.[3]

**Figure 3**



_____

[3] The screenshots for Figures 3-4 were taken on or around January 31, 2025.  Screenshots for Figures 5-6 were taken on or around April 9, 2025.  On both occasions, Target priced the Baby version around $2 more than the Adult version.  Further, Plaintiff's counsel took note of the price of both items in the 7.3 fl. oz. size from the Website on or around September 11, 2024, which showed the price of the Baby Version as $14.99 and the Adult Version as $11.79.  Plaintiff's counsel also took note of the price of both items in the 12 fl. oz. size from the Website on or around September 11, 2024, which showed the Price of the Baby Version was $22.99 and the Adult Version was $21.99.  Further, Plaintiff's counsel took note of the price of both 12 fl. oz. items on April 10, 2025 from the Website, and the Baby Version was $21.49 while the Adult Version was $19.19.

1

**Figure 4**



2
3
4
5
6
7
8
9
10
11
12
13
14
15

**Figure 5**



16
17
18
19
20
21
22
23
24
25
26
27
28

**Figure 6**



13.     Defendant names the Baby Version on the Website as "Aveeno **Baby** Eczema Therapy Moisturizing Cream for Dry, Itchy Skin" (emphasis added) — specifically marketing and displaying the Product as being for babies and signaling to consumers that the Product is specially made and meant for babies.  *See* Figures 3 and 5.  Meanwhile, in Defendant's physical stores, Defendant also chooses to market the Baby and Adult version as two separate products by selling the products in two different areas of the store.  Specifically, Defendant sells the Baby Version in the baby/infant section of the store, surrounded by other baby/infant items and the Adult Version with the regular, or non-baby specific items.

14.     However, unbeknownst to consumers, the Baby Version is not specifically made for babies or otherwise unique for babies because there is nothing special or unique to its formula and ingredients.  Despite the different ways Defendant markets, advertises, and sells the two versions, the Adult Version and the Baby Version contain the same formula and the same ingredients.  *See* Figures 7-8.  For example, both versions' labels state that the products contain 1% colloidal oatmeal, the active ingredient used for its moisturizing and skin protectant properties.  *See id.*

**Figure 7**



**Figure 8**



15.     Not only are the ingredients identical between the Baby Version and the Adult Version, but the Baby Version's ingredients are also listed in the same order as the Adult Version's ingredients.  Food and Drug Administration requires manufacturers to list ingredients in order of predominance[4], with the ingredients used in the greatest amount first, followed in descending order by those in smaller amounts.  Thus, the ordering of the ingredients shows that the formulas between the two versions do not differ.

---

[4] FDA, *Summary of Cosmetics Labeling Requirements*, https://www.fda.gov/cosmetics/cosmetics-labeling-regulations/summary-cosmetics-labeling-requirements.

16.     Although the two versions are the same, Defendant sells the 7.3-ounce Baby Version at a higher price than the 7.3-ounce Adult Version[5].  *See* Figures 5-6.

17.     For example, Plaintiff paid $14.29 for the Product.  Upon information and belief, Target regularly prices the Baby Version at around $2 more than the Adult Version.[6]  Therefore, Plaintiff believes she paid a price premium of $2 for the Product that was the exact same as the Adult Version, simply because Defendant chose to market, display, and price the Product as a different product from the Adult Version, specially made for babies.

18.     Defendant is solely responsible for the pricing of the Product and has chosen to price it at a higher price than the Adult Version in order to capitalize on consumers' willingness to pay more for products marketed and advertised as being specifically formulated for babies.  In other words, when Target purchases the Adult and Baby Version of the Product, it does not pay a higher price for the Baby Version than for the Adult Version because the manufacturer's suggested retail price is the same for both products.  Therefore, the price difference between the Adult and Baby Versions is due solely to the discretion of Target.

19.     Defendant, a distributor and retailer of the Product, represented that the Product was specially made for babies due to Defendant's naming of the Product listing on the Website, and display of the Product in its physical stores in the baby section of its stores.  Defendant has also omitted from consumers the material fact that the Baby Version and Adult Version are the same product.  Plaintiff and the Class Members have relied on Defendant's representations and omissions in deciding to purchase the Product.  Consumers rely on labeling, listing, and display cues, such as the term "Baby" to distinguish between over-the counter products that are meant for children versus adults.[7]  Thus, this information is material when a consumer is deciding which version to buy.

---

[5] Defendant also sells the 12 fl. oz. container of the Baby Version at a higher price than the equivalent Adult Version.  *See supra* note 3.

[6] *See supra* note 3.

[7] Nicole Lokker, Lee Sanders, Eliana M. Perrin, Disha Kumar, Joanne Finkle, Vivian Franco, Leena Choi, Phillip E. Johnston & Russell L. Rothman, *Parental Misinterpretations of Over-the-Counter Pediatric Cough and Cold Medication Labels*, 123 PEDIATRICS 1464 (2009),

20.     Defendant has a duty to disclose this material fact because as the advertiser, marketer, and distributor of the Product, Defendant has exclusive knowledge that the two versions of the Product are the same, given that it buys the two versions at the same price from the manufacturer, and that the manufacturer recommends the same retail price for both the Baby and Adult Versions.  Further, because Defendant is itself a manufacturer of products, it is aware of the listing of ingredients in the order or predominance, so it knows or should know that the two versions are the same based on the labeling of the Adult and Baby Versions.

21.     Thus, Defendant knows, or should have known, that Plaintiff and other consumers did and would rely on the marketing, displaying, and advertising of the Product before purchasing the Product, and would reasonably believe that the Baby Version was specially made for babies or otherwise unique for babies.

22.     Defendant, therefore, intentionally mislead reasonable consumers and Plaintiff and other Class Members would not have purchased the Product if they knew the two versions were the same.  Alternatively, Plaintiff and other Class Members would not have paid as much for the Baby Version.  As a direct result of Defendant' material omissions and representations, Plaintiff and other Class Members suffered, and continue to suffer, economic injuries.

## FED. R. CIV. P. 9(b) ALLEGATIONS

23.     Plaintiff satisfies the requirements of Rule 9(b) by alleging the following facts with particularity:

24.     **WHO**: Defendant made material representations and omissions of fact in its advertising, marketing, and display of the Product by omitting the fact that the Product is identical to the less expensive Adult Version and by representing that the Product is specially made for babies via its naming of the Product listing on the Website, and display of the Product in its physical stores in the baby section of its stores.

---

https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2911576/ (finding that children's caregivers identified over-the-counter medication as being safe for children ages 24 months and up based on the influence of specific features of the packaging such as the word "infant" and infant-related graphics, such as images of toys or infants).

25.    **WHAT**: Defendant's conduct was, and continues to be, fraudulent and deceptive because it intentionally omitted, represented, and concealed that the Product is identical to the less expensive Adult Version by omitting the fact that the Product is identical to the less expensive Adult Version and by representing that the Product is specially made for babies via its naming of the Product listing on the Website, and display of the Product in its physical stores in the baby section of its stores.  Defendant knew or should have known this information is material to reasonable consumers, including Plaintiff and Class Members, in making their purchasing decisions, yet Defendant has continued to intentionally omit and misrepresent this fact from the Product's marketing, advertising, and display of the Product.  Further, Defendant knew or should have known that the Baby Version of the Product is the same as the Adult Version because, when it buys the two versions from the manufacturer, it buys them at the same price and that the manufacturer recommends the same retail price for both the Baby and Adult Versions.  Further, because Defendant is itself a manufacturer of products, it is aware of the listing of ingredients in the order or predominance, so it knows or should know that the two versions are the same based on the labeling of the Adult and Baby Versions.  Therefore, Defendant intentionally defrauded consumers into believing that the Baby version was specially formulated for babies in order to charge consumers more for this Product.

26.    **WHEN**: Defendant made material representations and omissions at all relevant times during the putative class period, including prior to and at the time Plaintiff and Class Members purchased the Product, despite Defendant's knowledge that the Product is identical to the Adult Version.

27.    **WHERE**: Defendant's representations and omissions were made throughout its own marketing, advertising, and display materials on its Website and via its Target store displays across the country.

28.    **HOW**: Defendant intentionally omitted, represented, and concealed that the Product is identical to the less expensive Adult Version by omitting the fact that the Product is identical to the less expensive Adult Version and by representing that the Product is specially made for babies

via its naming of the Product listing on the Website, and display of the Product in its physical stores in the baby section of its stores.

29.    **INJURY**: As discussed in detail throughout this Complaint, Plaintiff and Class Members relied on Defendant's representations and omissions before purchasing the Product and paid a premium or otherwise paid more for the Product when they otherwise would not have absent Defendant's material representations and omissions.

**CLASS ALLEGATIONS**

30.    *Class Definitions.*  Plaintiff brings this case as a class action that may be properly maintained pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and on behalf of the following Nationwide Class and California Subclass (the "Classes").  Excluded from the Classes are persons who made such purchase for purpose of resale, Defendant and any entities in which Defendant have a controlling interest, Defendant' agents and employees, the judge to whom this action is assigned, and members of the judge's staff, and the judge's immediate family.

(a)    **The Nationwide Class** is defined as all persons in the United States who purchased the Product during the applicable statute of limitations period.

(b)    **The California Subclass** is defined as all persons who purchased the Product in California during the applicable statute of limitations period.

31.    Plaintiff reserves the right to amend the definition of the Nationwide Class and California Subclass if discovery or further investigation reveals that the Nationwide Class or California Subclass should be expanded or otherwise modified.

32.    *Numerosity.*  Members of the Nationwide Class and California Subclass are so numerous that their individual joinder is impracticable.  On information and belief, members of the Nationwide Class and California Subclass number in the hundreds of thousands.  The precise number of Nationwide Class and California Subclass Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Members of the Classes may be notified of the pendency of this action by mail and/or publications through the distribution records of Defendant.

33.    ***Commonality and Predominance.***  Common questions of law and fact exist as to all Nationwide Class and California Subclass Members and predominate over questions affecting only individual Class Members.  Common legal and factual questions include but are not limited to (1) whether the Adult and Baby Versions of the eczema therapy creams are identical (2) whether Defendant misrepresented to consumers that the Baby Version is specially formulated for babies and omitted the fact that the Adult and Baby Versions of the eczema therapy creams are identical, and (3) whether Defendant committed the statutory and common law violations alleged against it by doing so.

34.    ***Typicality.***  Plaintiff's claims are typical of the claims of the Nationwide Class and California Subclass in that Plaintiff purchased Defendant's Product in reliance on Defendant's misrepresentations and omission of material facts and suffered a loss as a result of that purchase. All Nationwide Class and California Subclass Members were comparably injured by Defendant's wrongful conduct.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

35.    ***Adequacy.***  Plaintiff will fairly and adequately protect the interests of the Members of the Classes.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Nationwide Class and California Subclass.

36.    ***Superiority.***  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Nationwide Class and California Subclass Members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for Nationwide Class or California Subclass Members to obtain effective redress on an individual basis for the wrongs committed against them.  Even if Members of the Classes could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  It would also increase the delay and expense to all parties and the court system from

the issues raised by this action.  The class action provides the benefits of adjudication of those issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

37.    Accordingly, the Classes are properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Members of the Classes predominate over any questions affecting only individual Members and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

38.    Based on the foregoing allegations, Plaintiff's claims for relief include those set forth below.

**<u>COUNT I</u>**
**Violations of California's False Advertising Law ("FAL")**
**Cal. Bus. & Prof. Code §§ 17500, *et seq.***
**(On Behalf of the California Subclass)**

39.    Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this Complaint.

40.    Plaintiff brings this claim individually and on behalf of the California Subclass under California law.

41.    Defendant violated California's False Advertising Law ("FAL"), Cal. Bus. & Prof Code §§ 17500, *et. seq.*, by publicly disseminating false, misleading, and/or unsubstantiated advertisements regarding its Product, as alleged above and herein.

42.    Plaintiff has standing to pursue this claim because she suffered an injury-in-fact and has lost money because of Defendant's false advertising.  Specifically, Plaintiff purchased the Product.  In doing so, Plaintiff relied on Defendant's false and misleading representations and omissions — that the Product is identical to the less expensive Adult Version by omitting the fact that the Product is identical to the less expensive Adult Version and by representing that the Product is specially made for babies through the naming of the Product listing on the Website, display of the Product in its physical stores in the baby section of its stores, and omitting to consumers the material fact that the Product is the same as the Adult Version.  As such, Plaintiff

spent more money on the Product than she would have, or purchased a Product she would not have purchased at all, had she known the truth about Defendant's claims.

43.     Defendant disseminated false and misleading advertisements and omitted material facts about the Product to increase the sales of the Product and collect the price premium.

44.     Defendant knew or should have known that the advertisements for the Product were false and/or misleading, given that as the retailer purchasing the Product from the manufacturer, Defendant knew or should have known that the Adult and Baby Versions are identical, based on the fact that Defendant purchased the Product form the manufacturer at the same price as the Adult Version, the fact that the manufacturer's suggested retail price for the two versions is the same, and the fact that Defendant is also a manufacturer for products generally — meaning Defendant would know or should know the Product is the same as the Adult Version since the ingredients are the same and listed in the same order.

45.     Defendant knew or should have known that consumers, including Plaintiff and other members of the California Subclass, would believe that the Product was specially formulated for babies, when, in fact, this is false because the Product has the same formulation as the Adult Version.

46.     Defendant's wrongful conduct is ongoing and part of a general practice that is still being perpetuated and repeated throughout the State of California and nationwide.

47.     Plaintiff and the California Subclass Members have suffered harm as a result of Defendant's violations of the FAL because they paid monies for a Product that they would not have purchased, or would have paid significantly less but for Defendant's false and misleading advertisements.

48.     Accordingly, Plaintiff and members of the California Subclass seek an order of this Court that includes, but is not limited to, requiring Defendant to: (a) provide restitution to Plaintiff and other California Subclass Members; (b) disgorge all revenues obtained as a result of its violations of the FAL; and (c) pay attorneys' fees and costs for Plaintiff and the California Subclass.

<u>COUNT II</u>
**Violations of California's Consumer Legal Remedies Act ("CLRA")**
**Cal. Civ. Code §§ 1750, *et seq.***
**(On Behalf of the California Subclass)**

49.    Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this Complaint.

50.    Plaintiff brings this claim individually and on behalf of the Members of the California Subclass against Defendant.

51.    Plaintiff and other Members of the California Subclass are "consumers" within the meaning of Cal. Civ. Code § 1761(d).  By purchasing the Product from Defendant, Plaintiff and the Members of the California Subclass engaged in "transactions" within the meaning of Cal. Civ. Code § 1761(e) and 1770.

52.    Defendant is a "person" within the meaning of Cal. Civ. Code § 1761(c). Defendant's Product is considered a "good[]" within the meaning of Cal. Civ. Code § 1761(a).

53.    Defendant violated California's Consumer Legal Remedies Act ("CLRA") by engaging in the following unfair and deceptive business practices as alleged above and herein:

    (a)    Defendant violated Cal. Civ. Code § 1770(a)(5) by representing that the Product has characteristics it does not have;

    (b)    Defendant violated Cal. Civ. Code § 1770(a)(7) by representing that the Product is of a particular standard and quality despite being of another;

    (c)    Defendant violated Cal. Civ. Code § 1770(a)(9) by advertising the Product with the intent not to sell it as advertised.

54.    Defendant's unfair and deceptive business practices, as alleged above and herein, were intended to and did result in the sale of the Product.

55.    Specifically, Defendant misled consumers to believe that the Product is specially formulated or designed for babies when in fact, Defendant's Product is identical to the less expensive Adult Version since it contains the same ingredients in the same quantities as the Adult Version.  Defendant lead consumers to believe this by representing that the Product is specially made for babies through the naming of the Product listing on the Website, display of the Product in its physical stores in the baby section of its stores, and omitting from consumers the material fact

that the Product is the same as the Adult Version.  As such, Plaintiff spent more money the Product than she would have, or purchased a Product she would not have purchased at all, had she known the truth about Defendant's claims.

56.    As a direct and proximate result of Defendant's unfair and deceptive business practices, as alleged above and herein, Plaintiff and the California Subclass Members suffered injury and damages in an amount to be determined at trial.

57.    The CLRA was enacted to protect consumers against such practices.  The CLRA applies to Defendant's conduct because the statute covers all sales of goods to consumers.

58.    On information and belief, Defendant's unfair and deceptive business practices, as alleged above and herein, were willful, wanton, and fraudulent.

59.    Defendant's wrongful business practices constituted, and still constitute, a continuing course of conduct in violation of the CLRA.

60.    On information and belief, Defendant's officers, directors, and/or managing agents authorized the use of misleading statements and material omissions regarding the Product's advertising as alleged herein.

61.    On February 24, 2025, prior to the filing of this complaint, Defendant received a CLRA notice letter, which complies in all respects with Cal. Civ. Code § 1782(a).  The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received.  The letter stated that it was sent on behalf of Plaintiff and all other similarly situated purchasers.

62.    Plaintiff and California Subclass Members seek actual and punitive damages, restitution, reasonable costs and attorney's fees, pursuant to Cal. Civ. Code § 1780.

**COUNT III**
**Violations of California's Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.***
**(On Behalf of the California Subclass)**

63.    Plaintiff hereby incorporates by reference and re-alleges the allegations contained in

all preceding paragraphs of this Complaint.

64.     Plaintiff brings this claim individually and on behalf of the Members of the California Subclass against Defendant.

65.     Defendant violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, by engaging in unfair, fraudulent, and unlawful business practices.

66.     Plaintiff has standing to pursue this claim because she suffered an injury-in-fact and lost money or property as a result of Defendant's unlawful, unfair, and fraudulent conduct.

67.     Specifically, Plaintiff purchased the Product for her use on her grandchild.  In doing so, Plaintiff relied upon Defendant's representations and omissions that the Product was specially formulated for babies, when in fact, this is false and misleading since the Product is the same as the Adult Version since it contains the same ingredients in the same quantities as the Adult Version. Through Defendant's misrepresentations and omissions, it is able to charge consumers looking for products that are safe for their children at a premium price.  Plaintiff has suffered an injury because she spent money on the transaction that she otherwise would not have spent had she known the truth about Defendant's advertising claims.

### 1.     *"Unfair" Prong of the UCL*

68.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.  That unfairness is determined by weighing the reasons, justifications, and motives for the business act or practice against the gravity of the harm alleged.

69.     Defendant's conduct constitutes an "unfair" business practice because, as alleged herein, Defendant engaged, and continues to engage in, false, misleading, and deceptive advertising and display of the Product that mislead consumers into believing that the Product was specially formulated for babies, when in fact, the Product is the same as the Adult Version, all done to charge consumers more for the Baby Version.

70.     Defendant's conduct, as alleged above and herein, was not motivated by any legitimate business or economic need or rationale other than to maximize its revenue and the

expense to consumers.  And specifically, Defendant did maximize and continues to maximize its revenue by misleading and preying on consumers who are susceptible to purchase products, no matter the price, in order to ensure they are providing their babies with products that they believe are designed for and are safe for babies.  No legitimate reasons, justifications, or motives outweigh the harm and adverse impact of Defendant's conduct on members of the general consuming public. Defendant engaged, and continues to engage, in such conduct solely to wrongfully extract monies to which Defendant is not entitled from consumers seeking to provide their babies with safe products to use.  Defendant could have, but has not, used alternative means of effecting its legitimate business needs, such as by charging the same price for the Product as it does for the Adult Version, by removing the "Baby" claim on its Website and display of the Product, by displaying both the Baby and Adult Versions next to each other in its physical stores, or by disclosing that the Product is not made specially for babies.

71.    Defendant's conduct harms consumers and hurts market competition.  Defendant's conduct, as alleged herein, is immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Members of the California Subclass because it violates consumers' reasonable expectations.  If Defendant had advertised its Product in a non-misleading fashion, Plaintiff and other California Subclass Members could have considered other product options.

### 2.    *"Fraudulent" Prong of the UCL*

72.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

73.    Defendant has engaged in, and continues to engage, in, fraudulent business practices by knowingly representing to consumers that the Product is specially made for babies when it is not, and charging more for the Product as compared to the identical Adult Version.  Defendant's conduct deceived Plaintiff and California Subclass Members who purchased the Product in reliance on Defendant's claims, and is highly likely to deceive members of the consuming public because, as alleged above, the Product violates consumers' reasonable expectations regarding the Product.

Such a business practice lacks utility and functions only to maximize Defendant's profits at the expense of its customers.  The gravity of the harm to Plaintiff and other California Subclass Members, who lost money or property by paying for the Product, far outweighs the benefit to Defendant's conduct.

74.     Further, Defendant's fraudulent business practices will continue to mislead consumers because it will be impossible for consumers to know whether Defendant's Product is providing a formula uniquely tailored to babies compared to Defendant's lower-priced adult moisturizer counterparts.  Consumers will therefore be unable to assess how the Product compares to alternatives.  Accordingly, the risk of harm to Plaintiff, members of the California Subclass, and the consuming public, is ongoing.

### 3.     *"Unlawful" Prong of the UCL*

75.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

76.     Defendant's business practices as alleged herein constitute violations of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et. seq.* (the "FAL"), as described above.

77.     Defendant's business practices also constitute violations of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* (the "CLRA").  Specifically, Defendant has unlawfully marketed and advertised its Product in violation of Cal. Civ. Code §§ 1770(a)(5), 1770(a)(7), and 1770(a)(9), as detailed above.

78.     Defendant's unfair, fraudulent, and unlawful business practices, as enumerated and explained above and below, were the direct and proximate cause of financial injury to Plaintiff and other members of the California Subclass.  Defendant has unjustly benefited as a result of its wrongful conduct.  Accordingly, Plaintiff and the California Subclass seek an order of this Court that includes, but is not limited to, requiring Defendant to: (a) provide restitution to Plaintiff and the California Subclass; (b) disgorge all revenues obtained as a result of its violations of the UCL; (c); and pay attorneys' fees and costs for Plaintiff and the California Subclass.

## COUNT IV
### Fraudulent Concealment or Omission
### (On Behalf of the Nationwide Class and California Subclass)

79.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this Complaint.

80.     Plaintiff brings this claim individually and on behalf of the Classes under California law.

81.     At all relevant times, Defendant was engaged in the business of marketing, advertising, displaying, and selling the Product to consumers through its Website and physical Target stores.

82.     Defendant willfully, falsely, and knowingly omitted material facts and made partial representations regarding the quality and character of the Product as discussed throughout. Defendant was best situated to know the true composition of the Product — meaning the fact that the Product is identical to the lower-priced Adult Version.

83.     Rather than inform consumers of the truth regarding the Product, Defendant misrepresented the quality of the Product as discussed herein at the time of Plaintiff's and Class Members' purchases.

84.     Defendant made these material omissions and partial representations to boost or maintain sales of the Product.  The omitted information and partial representations were material to consumers because they played a significant role in the value of the Product purchased. Specifically, consumers purchasing products for babies are more inclined to look for and purchase products that claim to be made for babies in order to ensure the safety of that baby.

85.     Defendant had a duty to ensure the accuracy of the information regarding the Product because it was in exclusive knowledge of this information and the information was contrary to the express representations and warranties Defendant made about the Product. Defendant did not fulfill its duty.

86.     Defendant misrepresented material facts to pad and protect its profits, as it saw the opportunity to sell the Product at a higher price than the Adult Version given that consumers are

often willing to pay any price for a product that they believe is specially made for and is safe for babies.  Such benefits came at the expense of Plaintiff and Members of the Classes.

87.    Plaintiff and Members of the Nationwide Class were unaware of these material misrepresentations and omissions, and they would not have acted as they did had they known the truth.  Plaintiff and Class Members' actions were justified given Defendant's misrepresentations and omissions.  Defendant was in exclusive control of material facts, and such facts were not known to the public.

88.    Due to Defendant's misrepresentations and omissions, Plaintiff and Members of the Class sustained injury due to the purchase of Product that did not live up to its advertised representations.  Plaintiff and Members of the Classes are entitled to recover full refunds for the Product they purchased due to Defendant's misrepresentations and omissions.

89.    Defendant's acts were done deliberately, and with intent to defraud, and in reckless disregard of Plaintiff and Class Members' rights and well-being, and in part to enrich itself at the expense of consumers.  Defendant's acts were done to gain commercial advantage over competitors, and to drive consumers away from consideration of competing products.  Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future.

## COUNT V
### Fraudulent Misrepresentation
### (On Behalf of the Nationwide Class and California Subclass)

90.    Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this Complaint.

91.    Plaintiff brings this claim individually and on behalf of the Classes under California law.

92.    Defendant falsely represented to Plaintiff and the Classes that the Product was specially formulated for babies when in fact, they provide no greater value than the adult version of the moisturizer.  Defendant deceived reasonable consumers into believing they are getting more for their money, when in fact they are not.

93.    Defendant intentionally, knowingly, and recklessly made these misrepresentations to induce Plaintiff and the Classes to purchase the Product.

94.    Defendant knew or should have known that its representations about the Product were false because the Product is not specially formulated for babies, as discussed throughout, since Defendant was best situated to know the true composition of the Product. Defendant thus knowingly allowed its marketing, advertisement, promotional materials, and display of the Product, via its Website and physical Target stores, to intentionally mislead consumers such as Plaintiff and the Classes.

95.    Plaintiff and the Classes did in fact rely on these misrepresentations and purchased the Product to their detriment. Given the deceptive manner in which Defendant advertised, marketed, represented, and otherwise promoted the Product, Plaintiff's and Class Members' reliance on Defendant's misrepresentations was justifiable.

96.    As a direct and proximate result of Defendant's conduct, Plaintiff and the Classes have suffered actual damages in that they would not have purchased the Product at all or would have paid less for the Product had they known the truth.

97.    Plaintiff and the Classes seek actual damages, attorneys' fees, costs, and other such relief the Court deems proper.

### COUNT VI
**Negligent Misrepresentation**
**(On Behalf of the Nationwide Class and California Subclass)**

98.    Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this Complaint.

99.    Plaintiff brings this claim individually and on behalf of the Classes under California law.

100.    Defendant had a duty to Plaintiff and the Classes to exercise reasonable and ordinary care in the marketing, advertising, display, and sale of the Product.

101.    Defendant breached its duty to Plaintiff and Class Members by marketing, advertising, displaying, and selling the Product to Plaintiff and the Classes that did not have the

qualities, and characteristics as advertised by Defendant.

102.    Defendant—as a retailer — knew or should have known that the qualities and characteristics of the Product were not as advertised, marketed, detailed, displayed or otherwise represented and were otherwise not as warranted and represented by Defendant.  Specifically, Defendant knew or should have known that the Product was not actually specially formulated for babies as it led consumers to believe, as described throughout.

103.    As a direct and proximate result of Defendant's conduct, Plaintiff and Members of the Classes have suffered actual damages in that they would not have purchased the Product at all or would have paid less for the Product had they known that the Product is not specially formulated for babies.

104.    Plaintiff and the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available.

**COUNT VII**
**Breach of Express Warranty**
**(On Behalf of the Nationwide Class and California Subclass)**

105.    Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this Complaint.

106.    Plaintiff brings this claim individually and on behalf of the Classes under California law.

107.    Plaintiff and Class Members formed a contract with Defendant at the time Plaintiff and Class Members purchased the Product.

108.    The terms of the contract include the promises and affirmations of fact made by Defendant on the Product's marketing, advertising, and display as described above.

109.    This marketing, advertising, and display constituted express warranties and became part of the basis of the bargain and are part of the standardized contract between Defendant and Plaintiff and Class Members.

110.   As set forth above, Defendant purports, through advertising, marketing, and display of the Product, to create an express warranty that the Product is specially formulated or made for babies.

111.   Plaintiff and Class Members performed all conditions precedent to Defendant's liability under this contract when they purchased the Product.

112.   Defendant breached express warranties about the Product and their qualities because, despite Defendant's warranties, the Product are not specially made or formulated for babies because they are the exact same product as the Adult Version.  Thus, the Product did not conform to Defendant's affirmations and promises described above.

113.   Plaintiff and each Class Member would not have purchased the Product had they known their true nature.

114.   As a result of Defendant's breach of its express warranties, Plaintiff and each Class Member suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorney's fees, as allowed by law.

115.   On February 24, 2025, prior to the filing of this Complaint, Plaintiff's counsel sent Defendant a notice apprising Defendant of its breach of express warranties.  That letter complied in all respects with U.C.C. §§ 2-313, 2-314, and 2607.

## **PRAYER FOR RELIEF**

116.   WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek Judgment against Defendant, as follows:

(a)   For an order certifying the Classes under Fed. R. Civ. P. 23 and naming Plaintiff as representative of the Classes and naming Plaintiff's attorneys as Class Counsel;

(b)   For an order declaring that Defendant's conduct violates the statutes and common law referenced herein;

(c)   For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

1    (d)    For compensatory, statutory, and punitive damages in amounts to be

2            determined by the Court and/or jury;

3    (e)    For an order of restitution and all other forms of equitable monetary relief;

4    (f)    For injunctive relief as pleaded or as the Court may deem proper;

5    (g)    For an order awarding Plaintiff and the Classes their reasonable attorneys'

6            fees, expenses, and costs of suit.

7                            **JURY TRIAL DEMANDED**

8    Plaintiff demands a trial by jury on all claims so triable.

9

10    Dated:  May 13, 2025                    Respectfully submitted,

11                                           **BURSOR & FISHER, P.A.**

12                                           By: ___*/s/ L. Timothy Fisher*___

13                                           L. Timothy Fisher (State Bar No. 191626)
14                                           Ines Diaz Villafana (State Bar No. 354099)
                                             1990 North California Blvd., 9th Floor
15                                           Walnut Creek, CA 94596
                                             Telephone: (925) 300-4455
16                                           Facsimile: (925) 407-2700
                                             E-Mail: ltfisher@bursor.com
17                                                   idiaz@bursor.com

18                                           *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

27

28

1

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

2       I, L. Timothy Fisher, declare as follows:

3       1.       I am an attorney at law licensed to practice in the State of California and a member

4   of the bar of this Court.  I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff

5   Cynthia Villa who resides in San Jose, California.  I have personal knowledge of the facts set forth

6   in this declaration and, if called as a witness, I could and would competently testify thereto under

7   oath.

8       2.       The Complaint filed in this action is filed in the proper place for trial under Civil

9   Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred

10   in the Northern District of California.  Additionally, Defendant transacts substantial business in this

11   District, including sale of the Product at issue, and Defendant advertised and marketed the Product

12   at issue to Plaintiff in this District.

13       I declare under the penalty of perjury under the laws of the State of California and the

14   United States that the foregoing is true and correct and that this declaration was executed at Walnut

15   Creek, California this 13th day of May, 2025.

16

17                                   */s/ L. Timothy Fisher*
                                    L. Timothy Fisher

18

19

20

21

22

23

24

25

26

27

28